THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRIAN ALLEN FOUSE,<br><br>Petitioner,<br><br>v.<br><br>DEVIN BLOOD,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:21-cv-00188-DBB<br><br>District Judge David Barlow |

Petitioner, Brian Allen Fouse, appearing *pro se*, requests federal habeas relief regarding his Utah state convictions. Petition (ECF No. 1); *see also* 28 U.S.C.S. §2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. Respondent argues that the Petition must be denied because Petitioner failed to properly exhaust his state remedies. Response (ECF No. 8.) Petitioner neglected to file a reply to the Response. This court issued two orders for Petitioner to show cause why the Petition should not be dismissed for failure to file a reply to the response and granted Petitioner an extension of time to file his response to the order to show cause. (ECF Nos. 10, 12, 14.) Rather than file a response to the orders to show cause, Petitioner requested appointment of counsel and extensions of time to respond. (ECF Nos. 11, 13.) Having considered the Petition, the Response, and Petitioner's responses to the court's orders to show

1

cause, the court concludes that relief is unavailable under the AEDPA because Petitioner has procedurally defaulted all issues. The Petition is therefore DENIED in its entirety.

## I. BACKGROUND[1]

Between January and June 2017, Petitioner engaged in a course of conduct which he knew would cause four individuals to suffer emotional distress. Transcript of Plea Hearing (ECF No. 8-2, at 7–8.) Based on those events, the State of Utah brought two criminal cases against Petitioner, charging him with a total of four counts of felony stalking. Response, (ECF No. 8, at 10.) On March 20, 2018, Petitioner pleaded guilty to three counts of felony stalking in the third degree. Transcript (ECF No. 8-2, at 8.) In exchange, the prosecution dismissed a fourth count of stalking and all charges in an unrelated case. *Id*. at 4. During the hearing, Petitioner participated in negotiations pertaining to the terms of an anticipated inpatient treatment program and the terms of his contact with his girlfriend, one of the victims of his crimes. *Id*. at 8-39. The Prosecution agreed to delay sentencing to allow Petitioner to complete a residential treatment program and to recommend against a prison sentence if Petitioner completed the program successfully. Response (ECF No. 8, at 10.) Petitioner was released to treatment, but he discontinued his participation in the program shortly after he began. *Id*. at 13.

On June 8, 2017, Petitioner's attorney filed a motion to withdraw the guilty pleas, claiming that Petitioner "did not have a clear understanding of the charges he was pleading guilty to because of various mental health issues." Motion to Withdraw (ECF No. 8-3, at 2.) The district court considered Petitioner's testimony in support of his motion to withdraw and

---

[1] The background information derives primarily from the Response to the Petition and the attached exhibits. Petitioner has declined to supply the court with his own version of the factual context to his claims. On June 23, 2022, the court issued a (third) order that Petitioner file a reply to the Response. The June 23, 2022 order warned Petitioner that if he failed to file a reply by July 16, 2022, the court would render a decision based solely on the Petition and the Response. Because Petitioner has failed to supply a reply, nor has he provided the court with an alternative to Respondent's factual background, this court relies primarily on the Response and its exhibits for the recitation of the facts.

2

reviewed the plea hearing and denied Petitioner's motion to withdraw his pleas. Transcript of Sentencing Hearing (ECF 8-4, at 2–3.) The district court sentenced Petitioner to three zero-to-five-year terms, with two terms running concurrently and the final term running consecutively. Petitioner's Brief on Appeal (ECF No. 8-8, at 12.)

Petitioner appealed. *Id*. The Utah Court of Appeals rejected Petitioner's arguments with the following finding:

> [Petitioner] argues that his pleas were not knowingly and voluntarily entered because he had not received his medications the morning of the plea hearing and that as a result, he was not thinking clearly. The only evidence [Petitioner] offered in support of his motion to withdraw his pleas was his own testimony about his mental state, which contradicted his statements at the plea hearing. [Petitioner] did not provide any independent evidence verifying his alleged diagnoses, his prescriptions, or dosages. He did not offer any medical evidence regarding the possible effects within several hours of missing a single dose of his medications. Absent any corroborating evidence, his own inconsistent statements are insufficient to show that the trial court abused its discretion in denying his motion, particularly when his statements and conduct at the plea hearing showed no impairment and demonstrated that he was lucid and engaged.

Order Denying Appeal (ECF 8-11, at 2–3.)

Petitioner, represented by counsel, petitioned the Utah Supreme Court for certiorari. Petitioner raised a single issue for review: "[w]hether the court of appeals erred when it affirmed the district court's denial of [Petitioner's] motion to withdraw his guilty pleas." Petition for Certiorari (ECF No. 8-12, at 6.) The Utah Supreme Court denied certiorari. Order on Certiorari (ECF No. 8-13.)

Petitioner declined to file a petition for habeas relief in state court. (ECF No. 1, at 3.)

Petitioner filed the instant Petition on March 26, 2021. (ECF No. 1.) Respondents filed their Response on February 17, 2022. (ECF No. 8.) Petitioner failed to file a timely reply. *See*

3

Order, (ECF No. 3, at 3 ("Within thirty days after the answer and proposed order are filed, Petitioner must file a reply or risk dismissal.").) On May 18, 2022, this court issued an order that Petitioner show cause why the Petition should not be dismissed because Petitioner failed to file a timely reply. (ECF No. 10.) On May 27, 2022, the court received a letter from Petitioner requesting court-appointed counsel to assist him. Response to Order to Show Cause, (ECF No. 11.) On May 31, 2022, this court denied Petitioner's request for counsel and issued a second order to show cause granting Petitioner thirty additional days to show why his petition should not be dismissed for failure to file a reply. Order, (ECF No. 12, at 2.) On June 14, 2022, the court received a letter from Petitioner requesting a sixty-day extension and reasserting the request for counsel. On June 23, the court issued an order denying Petitioner's request for counsel and granting Petitioner a fifteen-day extension to respond to the second order to show cause. (ECF No 14, at 2.) The June 23 order advised Petitioner that if a reply was not received by the extended deadline, the court would render a decision based on the documents in the docket at that time. *Id*. Petitioner has not filed a reply.

## II. PETITIONER'S ASSERTED GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner asserts eleven grounds for relief in his Petition: (1) Petitioner's trial counsel provided ineffective assistance by failing to properly inform Petitioner about the severity of his charges prior to his guilty plea and improperly advised Petitioner that he would be released after eleven months of confinement (ECF No. 1, at 5); (2) Petitioner's trial counsel provided ineffective assistance by failing "to investigate, prepare, present and argue mitigating evidence throughout the proceedings" (*id.* at 7); (3) Petitioner's trial counsel provided ineffective assistance by failing to object to false and defamatory statements made by the prosecution (*id*. at 8); (4) the Prosecution coerced Petitioner into pleading guilty by means of prosecutorial

4

misconduct, including withholding exculpatory evidence, suppressing favorable testimony, relying on perjured testimony, and filing protective orders against Petitioner (*id*. at 10).

Page eleven of the Petition contains a bare outline of seven "Additional Grounds," some of which appear to be redundant with Petitioner's first four grounds: (5) the arrests were made outside the statute of limitations and charges were excessive (*id*. at 11); (6) Petitioner's guilty pleas were secured by ineffective assistance of counsel, prosecutorial misconduct, false testimony, hearsay, speculation and assumption (*id*.); (7) the Prosecution coerced Petitioner into pleading guilty by holding him in custody until he pleaded guilty, and by relying on false testimony, speculation and assumption (*id*.); (8) the Prosecution engaged in conspiracy to convict Petitioner by false testimony (*id*.); (9) the Prosecution failed to provide physical or material proof of the crimes (*id*.); (10) the Prosecution's reliance on speculation, assumptions and false testimony violated court rules of procedure and evidence (id.); (11) Petitioner's unfair and excessive sentence "violates [Petitioner's] rights in every way possible." (*id*.) Petitioner provides neither any specific factual allegations to support the Additional Grounds, nor any legal analysis to support the proposition that any of the additional grounds represent violations of federal law. Petitioner neglected to file a memorandum in support of his Petition.

Nor has Petitioner supplied the court with any indication that he has presented any of his grounds for relief to the Utah state courts. Each time the habeas corpus petition form prompted petitioner to answer whether he had exhausted his claims in state court, Petitioner responded "Defense Counsel failed to includ [sic] my specific request and or concern for ineffective assistance of counsel and other grounds." (ECF No. 1, at 5, 7, 9, 10 and 13.)

## III. PROCEDURAL DEFAULT

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Utah's Post-Conviction Remedies Act ("PCRA") states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> (a) may still be raised on direct appeal or by a post-trial motion;
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2023). A PCRA petition, like an AEDPA petition, must be filed within one year after the date the cause of action has accrued. U.C.A. § 78B-9-107(1) (2023). Absent "exceptional circumstances," the Utah Supreme Court will decline to consider an issue which has not been "presented to the district court in such a way that the court has an opportunity to rule on [it]." *Patterson v. Patterson*, 2011 UT 68, ¶ 12. For the purposes of the claims raised in the Petition, Petitioner's cause of action accrued on the last day for filing a petition for certiorari to the United States Supreme Court. *See* U.C.A. §78B-9-107(2)(c).

The Supreme Court of Utah will normally decline to consider an issue which has not been "presented to the district court in such a way that the court has an opportunity to rule on [it]." *Patterson v. Patterson*, 2011 UT 68, ¶ 12. However, the Supreme Court of Utah has recognized "three distinct exceptions to the preservation rule: ineffective assistance of counsel, plain error and exceptional circumstances." *State v. Beverly*, 2018 UT 60, ¶ 22 (citation omitted). Establishing ineffective assistance of counsel requires a litigant "to meet 'the heavy burden of showing that (1) trial counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment, and (2) counsel's deficient performance prejudiced him.'" *Id.* at ¶ 28 (citation omitted). Demonstrating plain error requires a litigant to "establish that '(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful. . . .'" *Id.* at ¶ 37 (quoting *State v. Johnson*, 2017 UT 76, ¶ 20, 416 P.3d 443). The Supreme Court of Utah has held that "the prejudice test is the same whether under the claim of ineffective assistance or plain error." *State v. McNeil*, 2016 UT 3, ¶ 29. "The exceptional circumstances exception 'is a doctrine that applies to rare procedural anomalies.'" *Beverly*, at ¶ 42, (quoting *Adoption of K.A.S.*, 2016 UT 55, ¶ 19, 390 P.3d 278). The exceptional circumstances carve out should not "be viewed as a free-floating justification for ignoring the legitimate concerns embodied in the preservation and waiver rules." *Johnson*, at ¶ 38. "Once a party has shown that a rare procedural anomaly has occurred, the court must then consider the effects of the anomaly, and whether those effects warrant an exception to our preservation requirement." *Johnson*, at ¶ 37. The Supreme Court of Utah applies this exception "sparingly, reserving it for the most unusual circumstances where … failure to consider an issue that was not properly preserved for appeal would [result] in manifest injustice." *Id*. (citation omitted). The Supreme Court of Utah has acknowledged that its "precedent has evolved in this area; it is

7

possible that it will continue to evolve as we confront future challenges concerning the scope of appellate review when preservation and waiver are at issue." *Johnson*, at ¶ 39.

None of Petitioner's federal claims are exhausted. Although Petitioner appealed the denial of his motion to withdraw his plea to the Utah Supreme Court, the appeal did not raise any of the issues that Petitioner now raises in the Petition. *See* ECF No. 8-12, at 6 (presenting a single issue for certiorari: "Whether the court of appeals erred when it affirmed the district court's denial of [Petitioner']s motion to withdraw his guilty pleas.").

Petitioner did not file a state petition for post-conviction relief under the PCRA and would now be time-barred from filing such a claim. The Utah Supreme Court denied certiorari of Petitioner's direct appeal on December 27, 2019. (ECF No. 8-13.) Petitioner had until March 26, 2020 to file a petition for certiorari to the United States Supreme Court. *See* U.S. Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.") The record suggests that Petitioner did not seek certiorari from the United States Supreme Court.[2] Petitioner therefore had until March 26, 2021 to file a state petition for post-conviction relief under the PCRA. *See* Utah Code Ann. §78B-9-107(1) (2023). Petitioner did not file a PCRA petition in the state courts and the time period has now expired.

Barring an exception to the PCRA's preservation rule, the Utah Supreme Court will decline to consider an issue which has not been "presented to the district court in such a way that the court has an opportunity to rule on [it]." *Patterson v. Patterson*, 2011 UT 68, ¶ 12. The

---

[2] In the Petition, Petitioner claims that he did petition the United States Supreme Court for certiorari. (ECF No. 1, at 3.) However, both the case number and the dates Petitioner cited for his petition to the United States Supreme Court actually correspond to his petition to the Utah Supreme Court. The record contains no other evidence Petitioner filed a petition to the United States Supreme Court. This court therefore concludes that the Petition is mistaken and Petitioner did not petition the United States Supreme Court for certiorari.

8

record before this court contains no evidence that Petitioner could qualify for an exemption to the PCRA period of limitations. Petitioner has not argued any basis to satisfy the prejudice requirement for the ineffective assistance of counsel or plain error exceptions. Nor has Petitioner identified any rare procedural anomaly to invoke the exceptional circumstances exception. Nevertheless, whether the Utah courts might apply an exception to the PCRA preservation rules is ultimately a question for Utah courts. As Petitioner's claims currently stand, they are procedurally defaulted from federal consideration. *See Thomas*, 218 F.3d at 1221. If Petitioner manages to avail himself of one of the exceptions to the PCRA period of limitations, that circumstance could potentially change.

## IV. FEDERAL EXCEPTION TO PROCEDURUAL DEFAULT

Federal courts may excuse procedural default if a petitioner can demonstrate either cause and prejudice or a fundamental miscarriage of justice. *Thomas*, 218 F.3d at 1221 ("This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'") (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (alteration in original)).

### A. Cause and Prejudice

A petitioner may be able to overcome procedural default if he can establish "cause" to excuse the procedural default and demonstrate that he suffered "actual prejudice" from the alleged error. *Davila v. Davis*, 582 U.S. 521, 524 (2017). "[T]o satisfy the 'cause' standard, a petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Where the alleged cause and prejudice is ineffective assistance of counsel, the

petitioner must satisfy both prongs of *Strickland*'s familiar two-pronged standard: (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms;" and, (2) prejudice to the defense caused by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "In the plea context, the cornerstone of ineffectiveness is whether the plea was involuntary because plea counsel's advice was below 'the range of competence demanded of attorneys in criminal cases.'" *United States v. Spaeth*, 69 F.4th 1190, 1211 (10th Cir. 2023). The Supreme Court has made clear that attorney performance is strongly presumed to have been adequate. *Strickland,* 466 U.S. at 690. "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila,* 582 U.S. at 533. A strategic decision to forgo a claim on appeal is only deficient performance if the claim was plainly stronger than those actually presented to the appellate court. *Id*. Meanwhile, to demonstrate prejudice, "[t]he habeas petitioner must show not merely that … errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original) (alteration in original) (quoting *United States v. Frady*, 456 U.S. 152 (1982)). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694. When a defendant "enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Finally, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

Petitioner fails to meet the standard to excuse his procedural default. All of Petitioner's claims are vague and conclusory. The seven "Additional Grounds" are presented as an outline on a single hand-written page, devoid of any factual support or analysis. Three of the four remaining grounds allege ineffective assistance of counsel, and Petitioner argues that his failure to exhaust his state remedies for all of his claims was the result of counsel's failure to "includ[e] [Petitioner's] specific request and or concern for ineffective assistance of counsel and other grounds." *See, e.g.,* ECF No. 1, at 5. But nowhere does Petitioner address the cause and prejudice standards, nor provide any argument that but for counsel's allegedly ineffective assistance Petitioner would not have plead guilty. Petitioner fails to establish cause and prejudice to excuse his procedural default.

### B. Miscarriage of Justice

A petitioner may also overcome the procedural bar if he can show that his conviction resulted in a "fundamental miscarriage of justice." *See Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). A fundamental miscarriage of justice may be proven by actual innocence where a petitioner can show that "in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup,* 513 U.S. at 324). The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Id*. Because such evidence is so rare, "in virtually every case, the allegation of actual innocence has been summarily rejected." *Id.* (citation omitted).

Petitioner offers no argument that a fundamental miscarriage of justice would result unless his procedural defaults are excused. Petitioner does not argue that he has actually innocent of the crimes for which he was convicted. Petitioner fails to offer adequate support for the contention that a miscarriage of justice would result unless his procedural default is excused.

## V. CONCLUSION

All of Petitioner's claims are procedurally defaulted. Petitioner has failed to establish that the procedural default should be excused. Furthermore, Petitioner's claims are too vague and conclusory to support habeas relief.

**IT IS THEREFORE ORDERED** that the Petition for habeas corpus is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 21st of February, 2024.

BY THE COURT

JUDGE DAVID BARLOW
United States District Court